SALVATORE SIRAVO *vs.* C. J. EHRLICH, INC.

FEBRUARY 25, 1938.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

CONDON, J. This is an action of assumpsit brought to recover for commissions alleged to have been earned by the plaintiff in selling furniture for the defendant. The defendant filed the general issue and a plea in set-off. The case was tried before a justice of the superior court sitting without a jury, and resulted in a decision for the plaintiff in the sum of $304.98. The trial justice found on the evidence before him that the plaintiff had earned commissions in the amount of $397.07, which sum was due and unpaid. He also found, after carefully considering much conflicting evidence on disputed items which defendant sought to prove in support of its plea in set-off, that it was entitled on said plea to be allowed the sum of $92.09. The decision represents the difference between these two sums.

Defendant excepted to this decision and has brought its bill of exceptions, containing this exception and eleven other exceptions taken during the trial, to this court. In its brief and argument here, however, it relied only on exception 12 to the decision of the trial justice and abandoned all its other exceptions.

In support of this exception the defendant contends (1) that the plaintiff failed to show by a fair preponderance of the evidence that he was entitled to commissions of 10% on sales of furniture specified in his bill of particulars, (2) that the defendant showed by a fair preponderance of the evidence that it was entitled to several items set forth in its plea of set-off which were denied to it by the trial justice and (3) that the damages awarded to the plaintiff are excessive.

Defendant's exception 12 thus raises no question of law but clear questions of fact. The question presented to us is whether the decision of the trial justice is clearly wrong. Unless we can say that it is or that it fails to do substantial justice between the parties, we cannot disturb it. *Simeone v. Antonelli,* 52 R. I. 41. The evidence was conflicting as to whether the plaintiff was entitled to a commission on sales of 5% or 10%. The trial justice found as a fact that the commission agreed upon was 10% and we cannot say from our consideration of the evidence that his finding is clearly erroneous. The same may be said of the findings of the trial justice as to the several items of the defendant's plea of set-off. He has found that some of those items have been established by the evidence and that others, which he has specifically identified in his rescript, have not been established.

The defendant contends in its brief that the plaintiff must prove his case by a fair preponderance of the evidence and cites authorities in support of its contention. That proposition is elementary and needs no citation of authority to support it. And in the instant case it may be observed that the defendant has the burden of proving his plea of set-off by a fair preponderance of the evidence. The difficulty with the defendant's argument is that the trial justice, who saw the witnesses and heard them testify, has specifically found that the preponderance of the evidence on the whole case supports the plaintiff, subject only to the plea in set-off as proved. As we have said above, his decision is conclusive upon us, unless in our judgment it is clearly wrong or fails to do justice between the parties. *O'Connor v. Narragansett Electric Co.,* 54 R. I. 317.

The evidence in this case was voluminous and of a highly conflicting nature, both as to the witnesses and as to the systems of accounting kept by the plaintiff and defendant in their business relations with each other. Out of the maze of these ambiguous accounts and the not always clear ex-

planations concerning them in the evidence, the trial justice has reached a conclusion which we are of the opinion is substantially just to the parties. However, as the plaintiff filed a bill of particulars stating the amount of his claim to be $342.67, he is bound thereby and the trial justice was limited to that amount in making his finding for the plaintiff. Subtracting from this amount the sum allowed in set-off by the trial justice, namely $92.09, the decision for the plaintiff should have been in the sum of $250.58.

Defendant's exception 12, which has just been considered and which is the only one it has pressed before us, is sustained on the ground that the damages awarded by the trial justice are excessive in the manner and to the extent above set forth.

The case is remitted to the superior court for a new trial, unless on or before March 7, 1938, the plaintiff shall file in said court a remittitur of all of said decision in excess of $250.58. In case the plaintiff shall file such remittitur, the superior court is directed to enter judgment on the decision as reduced by the remittitur.

*Michael Addeo, Ralph Rotondo,* for plaintiff.

*William I. Matzner, Bellin, Levin & Alprin,* for defendant.